**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY PARKER,

       Petitioner-Appellant,

v.

CHARLES SIMMONS, Warden, El
Dorado Correctional Facility; and
PHILL KLINE, Attorney General of
Kansas,

       Respondents-Appellees.

No. 05-3194
(D.C. No. 03-CV-3262-RDR)
(Kansas)

---

**ORDER**

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Anthony Parker, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) from our court to challenge the district court's dismissal of

his 28 U.S.C. § 2254 petition for habeas relief. We exercise jurisdiction pursuant

to 28 U.S.C. §§ 1291, 2253(c), and construe Mr. Parker's pleadings liberally. *See*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). In so doing, we conclude Mr. Parker

has not "made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). We therefore deny his application for a COA and dismiss the appeal.

Mr. Parker was convicted by a Kansas state jury of various kidnapping, robbery and burglary charges. He was convicted only after he had dismissed two of his court appointed attorneys, represented himself during the initial course of litigation, informed his first trial judge he was suing him in federal court resulting in the judge declaring a mistrial, and then attempted to dismiss his third court appointed attorney in his second trial. On direct appeal and in state post-conviction proceedings, Mr. Parker raised a variety of unsuccessful challenges to his convictions. He then sought federal habeas relief.

In reviewing Mr. Parker's 140-page *pro se* petition, the district court initially characterized his claims as including the denial of Mr. Parker's constitutional right to a speedy trial, violation of his double jeopardy rights, and ineffective assistance of trial counsel due to a conflict between Mr. Parker and his third attorney. The district court denied relief to Mr. Parker on all of his claims. After Mr. Parker filed a motion to reconsider, the district court made additional findings. It concluded that neither Mr. Parker's potential allegation of ineffective assistance of appellate counsel for failing to raise the speedy trial issue nor a further examination of his conflict of interest claim warranted relief. The court reaffirmed its denial of Mr. Parker's § 2254 petition and declined to grant a COA.

A COA should issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Similarly, if a district court dismisses a habeas petition on procedural grounds, a COA should issue only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our review of the district court's orders, the record on appeal, and Mr. Parker's submissions to our court, we do not think jurists of reason would find debatable the district court's dismissal of Mr. Parker's petition.

The district court rejected Mr. Parker's double jeopardy claim on the basis of procedural default. The Kansas Court of Appeals dismissed this claim on direct appeal, and Mr. Parker did not seek additional review from the Kansas Supreme Court. Nor did he raise the issue in his state post-conviction proceedings. Therefore, the district court correctly determined Mr. Parker procedurally defaulted on this claim.[1]

---

[1] Furthermore, to the extent Mr. Parker claims that he was denied effective assistance when his counsel failed to appeal the denial of his double jeopardy claim to the Kansas Supreme Court, such a claim was not raised in his § 2254 habeas petition and we will therefore not consider it on appeal. *See Beaudry v. Corrs. Corp. of Am.,*

In claiming ineffective assistance of trial counsel, Mr. Parker essentially asserted that because of an alleged conflict between himself and his attorney he should have been permitted to dismiss his lawyer. The district court detailed the friction between Mr. Parker and his attorney, including Mr. Parker's trial statement that he wanted to dismiss counsel. At the trial, the state court gave Mr. Parker and his attorney a chance to privately confer, after which the trial proceeded. Neither Mr. Parker nor his attorney made further mention of any conflict or of Mr. Parker's previously stated desire to dismiss counsel. Citing to relevant Tenth Circuit law regarding conflicts between counsel and criminal defendants, *see United States v. Lott*, 310 F.3d 1231, 1249-50 (10th Cir. 2002), the district court examined the events which occurred in the state court and concluded that while the court did not make an in-depth inquiry into why Mr. Parker might want to seek new counsel, any conflict between the parties was not so great as to lead to a total lack of communication reflecting ineffective assistance of counsel. Upon Mr. Parker's motion to amend, the district court further examined the alleged conflict between Mr. Parker and his attorney to determine if the conflict, in and of itself, rendered Mr. Parker's counsel ineffective under the standards laid out in *Strickland v. Washington*, 466 U.S. 668, 692 (1984). The district court concluded that Mr. Parker failed to properly

---

331 F.3D 1164, 1166 (10th Cir. 2003).

allege or establish either that his trial counsel was forced by a conflict of interest to make choices to the detriment of Mr. Parker, or how any of the actions taken by the attorney were to Mr. Parker's detriment or to the benefit of interests adverse to him. The court properly declined to award Mr. Parker relief on this claim.

Finally, the district court initially dismissed Mr. Parker's speedy trial claim on the grounds that he could not prove any constitutional violation, primarily because the delay between Mr. Parker's arrest and his eventual trial did not rise to the level of presumptive prejudice. The court also concluded Mr. Parker had failed to properly exhaust the claim in state court. Upon Mr. Parker's motion to reconsider, the district court generously re-examined the speedy trial issue in the context of an ineffective assistance of appellate counsel claim. In this context, the district court recited Mr. Parker's assertion that his state statutory speedy trial rights were violated when his first trial attorney sought a continuance, allegedly without Mr. Parker's consent, and that his appellate counsel was ineffective for failing to raise the issue.

The district court noted that under relevant Kansas law at the time of Mr. Parker's direct appeal, "[d]efense counsel's actions [were] attributable to the defendant in computing speedy trial violations." *State v. Colbert*, 896 P.2d 1089, 1092 (Kan. 1995); *State v. Bafford*, 879 P.2d 613, 617 (Kan. 1994). Subsequent

decisions of the Kansas Supreme Court indicated a defendant does not waive his speedy trial rights under Kansas law if he personally objects before the trial court to a continuance motion made by defense counsel. *See State v. Hines*, 7 P.3d 1237 (Kan. 2000). The district court nonetheless noted the caution expressed by the Tenth Circuit against requiring a lawyer to anticipate developments in the law to avoid ineffective assistance of counsel claims. *See Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002). Mr. Parker's apparent failure to personally object to the trial court regarding the continuance, coupled with the contemporaneous law which attributed defense counsel's request for a continuance to the defendant, led the district court to conclude that appellate counsel's decision not to raise the statutory speedy trial claim was not objectively unreasonable under *Strickland*. As with Mr. Parker's other claims, we do not find the district court's dismissal of this issue to be debatable.

Accordingly, we **DENY** Mr. Parker's application for a COA and **DISMISS** his appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-